NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 15 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA BROWN, an individual, | No. 16-55159 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-04543-CAS-JEM |
| v. | |
| CHRISTIANA TRUST, a division of Wilmington Savings Fund Society, FSB, as Trustee of ARLP Trust 3, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 9, 2018**
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,***
District Judge.

Pamela Brown appeals the district court's dismissal of her action against

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

Christiana Trust, a division of Wilmington Savings Fund Society, FSB ("the Trust"), for lack of standing. Brown challenged alleged deficiencies in assignments of a deed of trust and the foreclosure sale of real estate, alleging she acquired an interest in the property via a quitclaim deed executed by defaulting borrowers after the foreclosure sale occurred. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.    A dismissal for lack of subject matter jurisdiction is a question of law that we review de novo. *Hyatt v. Yee*, 871 F.3d 1067, 1073 (9th Cir. 2017); *see Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (a plaintiff's lack of Article III standing is properly attacked through a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction). We find no error in the district court's finding that Brown had no rights to the property and accordingly lacked standing to challenge the foreclosure and sale. The deed itself and documents properly judicially noticed establish that Brown acquired the property via quitclaim deed from defaulting borrowers after the property had been foreclosed upon and sold in a trustee's sale. *Osswald v. Anderson*, 57 Cal. Rptr. 2d 23, 27 (Ct. App. 1996) (a quitclaim deed transfers only the interest the grantor possesses at the time of the conveyance).

2.    A district court's denial of a motion for leave to amend is reviewed for an abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th

16-55159

Cir. 1996). Leave to amend is appropriately denied where an amendment would be futile. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (district court's discretion to deny leave to amend is particularly broad when it afforded plaintiff one or more opportunities to amend). We find no abuse of discretion in the district court's denial of leave to amend the complaint.

AFFIRMED.

16-55159